UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>                                 Plaintiff,<br><br>vs.<br><br>M. ALVARADO, Correctional Counselor; N. ERICKSON, Correctional Officer; A. RENDON, Correctional Officer,<br><br>                                Defendants. | Case No.: 24-cv-01501-WQH-LR<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**<br><br>**[ECF No. 2]** |

HAYES, Judge:

      Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Lance Williams, a former state prisoner who is proceeding without counsel. (ECF No. 1.) Williams seeks to sue three Richard J. Donovan Correctional Facility ("RJD") officials for damages based on claims that they violated his Eighth Amendment rights while he was incarcerated there in August 2019. (*Id.* at 2–4, 8.) Williams has not prepaid the $405 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

      For the reasons explained, the Court **GRANTS** Plaintiff's IFP motion, but dismisses his complaint as untimely pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the $55 administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). An action may proceed despite a plaintiff's failure to pay the entire fee only if he seeks and the court grants him leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid."). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

"Unlike other indigent litigants, prisoners proceeding *in forma pauperis* must pay the full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation Reform Act]." *Agyeman v. INS*, 296 F.3d 871, 886 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002)). As defined by the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

However, persons who file suit *after* having been released from custody are no longer "prisoners" as defined by the PLRA, and are therefore not subject to 28 U.S.C. § 1915(b), 42 U.S.C. § 1997e(a)'s pre-suit administrative exhaustion requirement, or 28 U.S.C. § 1915(g)'s "three-strikes" provision. *See Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (person confined under California's Sexually Violent Predator Law, while "a

'prisoner' within the meaning of the PLRA when he served time for his conviction, [ ] ceased being a 'prisoner' when he was released from the custody of the Department of Corrections"); *Jackson v. Fong*, 870 F.3d 928, 934–35 (9th Cir. 2017) (former prisoner incarcerated when he filed his civil rights action but released by the time he filed an amended complaint was not subject to the PLRA's exhaustion requirement); *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 892 (9th Cir. 2011) (noting that § 1915(g)'s three-strikes rule does not apply to a civil action or appeal filed after former prisoner was released on parole).

Plaintiff's litigation history while imprisoned "can only be described as prolific." *See Williams v. Allison*, 2022 WL 17630818, at *4 (E.D. Cal. Dec. 13, 2022) (noting Williams's filing of over 40 cases in the Eastern District of California since 2014). As a consequence, Williams has been barred by 28 U.S.C. § 1915(g) from proceeding IFP while incarcerated both in this Court as well as in the Eastern and Central Districts of California. *See, e.g.*, *Williams v. Dep't of Just., Bureau of Crim. Info & Analysis*, 2018 WL 5630514, at *3 (S.D. Cal. Oct. 31, 2018) ("Plaintiff Lance Williams, identified as CDCR #AG-2394, while he has been incarcerated, … has had at least seven prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted."); *Williams v. Vera*, 2022 WL 228973, at *1–2 (E.D. Cal. Jan. 26, 2022) (cataloguing Williams's prior strikes), *report and recommendation adopted*, 2022 WL 4238909 (E.D. Cal. Sept. 14, 2022); *Williams v. Hernandez*, No. 2:20-cv-08280-PA-kk (C.D. Cal. Sept. 24, 2020) (ECF No. 6) (denying Williams leave to proceed IFP pursuant to § 1915(g)).

However, it appears Plaintiff now resides in Hawthorne, California, and was released from CDCR custody on parole sometime before he filed his complaint and IFP motion in this case. Therefore, the filing fee provisions of 28 U.S.C. § 1915(b) and § 1915(g)'s "three strikes" bar do not apply. *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("[T]he scope of § 1915 is narrowed to plaintiffs who are in custody as the result of a conviction or who [are] detained for an alleged criminal law violation[.]"); *Moore*, 657 F.3d at 892.

For non-prisoner litigants, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). In his IFP application, Williams attests he has no assets and has earned no income during the past 12 months. (*See* ECF No. 2 at 1–3.) He claims $3,800 in total monthly expenses for rent/home-mortgage payments, food, clothing, transportation, and laundry, and relies "on the county for food stamps." (*Id.* at 4–5.) Based on these sworn representations, the Court finds Williams cannot afford to pay the $405 filing fee for this case and **GRANTS** his Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).[1]

## II.   SUA SPONTE SCREENING

### A.   Legal Standard

Because Plaintiff is proceeding IFP, his Complaint requires a preliminary review pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, the Court must *sua sponte* dismiss an IFP case which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

---

[1] The Court reserves the right to revoke Williams's IFP privileges in this case at any time should it discover his sworn IFP affidavit is false and/or was submitted in bad faith. *See, e.g.*, *Williams v. Jalijali*, 2023 WL 4743019, at *2–3 (E.D. Cal. July 25, 2023) (citing 28 U.S.C. § 1915(e)(2)(A); *Escobedo*, 787 F.3d at 1234 n.8) (revoking Williams's IFP status due to his failure to include $7,600 in income and other settlement proceeds credited to his prison trust account), *report and recommendation adopted*, 2023 WL 5956974 (E.D. Cal. Sept. 12, 2023).

1  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d
2  1108, 1112 (9th Cir. 2012). Federal Rules of Civil Procedure 8 and 12(b)(6) require a
3  complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief
4  that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal
5  quotations omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals
6  of the elements of a cause of action, supported by mere conclusory statements, do not
7  suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a
8  context-specific task that requires the reviewing court to draw on its judicial experience
9  and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the
10 defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility
11 standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).
12 However, "courts must construe pro se pleadings liberally." *Resnick v. Hayes*, 213 F.3d
13 443, 447 (9th Cir. 2000).

   **B.    Factual Allegations**

   Williams alleges that while he was incarcerated at RJD on August 26, 2019, Correctional Officers Alvarado, Erickson, and Rendon violated his Eighth Amendment rights by failing to promptly respond to his complaints of chest pain, numbness, and a nose bleed. (ECF No. 1 at 2–3.) Williams contends he was ignored and ridiculed for more than an hour until he passed out, fell off a chair, and hit his head. (*Id.* at 3.) Williams claims that while he "was coming back to life," he overheard Erickson refer to him by using a racial epithet, refuse to call a "man down" code, and say "that's what he gets for filing all that paperwork and lawsuits on me." (*Id.* at 3–4.) Williams further alleges Alvarado accused him of faking and that the A-Yard Sergeant refused to issue a medical alarm, although he was eventually "accosted" by medical staff and transported to an emergency room for "numerous tests and pain reduction." (*Id.* at 4.)

   **C.    Discussion**

   Williams filed this case on August 22, 2024, but his cause of action arose five years before. Because his complaint contains only claims that are untimely on its face, and he

fails to allege facts sufficient to show he is entitled to either statutory or equitable tolling, Williams's case is subject to *sua sponte* dismissal for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

"A claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276–77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 216 F.3d 764, 788 (9th Cir. 2000) (court may raise the defense of statute of limitations *sua sponte*).

Section 1983 contains no specific statute of limitation; therefore, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two. *Id.* (citing Cal. Civ. Proc. Code § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989)); *Jones*, 393 F.3d at 927 (where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for an additional two years. Cal. Civ. Proc. Code § 352.1(a); *Johnson v.*

*California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for *most* California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two years statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543–44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, the "wrongful acts" alleged to have been taken against Williams occurred five years before he filed his complaint on August 22, 2024. Thus, they fall outside California's statute of limitations—even if the Court presumes he remained incarcerated for 2 years following the August 2019 incident and is entitled to statutory tolling pursuant to Cal. Civ. Proc. Code § 352.1(a). *Wallace*, 591 U.S. at 391; *see also Maldonado*, 370 F.3d at 955; Cal. Civ. Proc. Code § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration); *Jones*, 393 F.3d at 927. Specifically, Williams alleges Defendants failed to promptly respond to his complaints and refused to immediately summon medical attention on August 26, 2019. Based on these allegations, the Court concludes Williams had "reason to know" of his injuries on the date he alleges he was injured, nearly five years before he filed suit. *See Maldonado*, 370 F.3d at 955.

Williams's claims could be considered timely if, in his Complaint, he alleged facts sufficient to show the limitations period may be equitably tolled. *See Cervantes*, 5 F.3d at

1276–77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under California law, however, he must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Cent. Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328, 1335 (Cal. Ct. App. 1994); *Addison v. State*, 21 Cal.3d 313, 316–17 (Cal. 1978); *Fink*, 192 F.3d at 916.

As currently pleaded, however, the Court finds Williams has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679. Thus, because it is clear from the face of Williams's pleading that his claims against all Defendants are barred by the statute of limitations, his complaint is subject to *sua sponte* dismissal for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### D.     Leave to Amend

While Williams's complaint is untimely, the Court grants him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *Cervantes*, 5 F.3d at 1277 (noting that a time-barred action may not ordinarily be dismissed at pleading stage without leave to amend unless "some fact, evident from the face of the complaint, support[s] the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue.").

### III.   CONCLUSION

Based on the foregoing, the Court:

(1)     **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2);

(2)     **DISMISSES** Plaintiff's Complaint *sua sponte* for failing to state a claim upon

which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

(3) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: February 3, 2025

Hon. William Q. Hayes
United States District Court