UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>        Plaintiff,<br><br>vs.<br><br>M. ALVARADO, Correctional Counselor;<br>N. ERICKSON, Correctional Officer;<br>A. RENDON, Correctional Officer,<br><br>        Defendants. | Case No.: 24-cv-01501-WQH-LR<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**<br><br>**[ECF No. 4]** |

HAYES, Judge:

  Before the Court is an amended civil rights complaint filed by former state prisoner Lance Williams, who is proceeding *in forma pauperis* and without counsel. (ECF No. 4.) Williams's original complaint was dismissed *sua sponte* for failing to state a claim upon which § 1983 relief can be granted because it was untimely on its face. (ECF No. 3.) The Court granted Williams leave to amend in order to allege facts which might entitle him to equitable tolling, but his amended complaint fails to do so.

  Therefore, for the reasons explained, the Court now **DISMISSES** this civil action in its entirety for failure to state a timely claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

/ / /

## I.   SUA SPONTE SCREENING

### A.   Legal Standard

Because Williams is proceeding *in forma pauperis*, his amended complaint, like his original, requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, the Court must *sua sponte* dismiss an *in forma pauperis* case which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).[1] Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Finally,

---

[1] "Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

while the "court[] must construe pro se pleadings liberally," *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Factual Allegations

Williams's amended complaint is essentially identical to his original. (*See* ECF No. 4 at 1–6; *cf.* ECF No. 1 at 1–6.) He continues to allege that while he was incarcerated at Richard J. Donovan Correctional Facility on August 26, 2019, Correctional Officers Alvarado, Erickson, and Rendon violated his Eighth Amendment rights by failing to promptly respond to his complaints of chest pain, numbness, and a nose bleed. (ECF No. 4 at 2–3.) Williams contends he was ignored and ridiculed for more than an hour until he passed out, fell off a chair, and hit his head. (*Id.* at 3.)

While he "was coming back to life," Williams also claims he overheard Erickson refer to him by using a racial epithet, refuse to call a "man down" code, and say: "[T]hat's what he gets for filing all that paperwork and lawsuits on me." (*Id.* at 3–4.) Williams further alleges Alvarado accused him of faking and that the A-Yard Sergeant refused to issue a medical alarm, although he was eventually "accosted" by medical staff and transported to an emergency room for "numerous tests and pain reduction." (*Id.* at 4.)

The only difference between the two pleadings is an attached page in which Williams alleges he is entitled to toll the limitations period for four full years "from the time the administrative grievance process ended" in September 2021. (*Id.* at 9; *see also* Ex. 1, ECF No. 4-1 at 2.) For the reasons explained, Williams is mistaken.

### C. Discussion

As the Court explained in its February 3, 2025 Order, statutes of limitation prevent the assertion of stale claims by limiting the time within which claims must be filed. *See Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1136 (9th Cir. 2001) (en banc). When the running of the statute of limitations is "'apparent on the face of the complaint,'" it may be dismissed for failing to state a claim if "it appears beyond doubt

that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)); *see also Belanus v. Clark*, 796 F.3d 1021, 1024–25 (9th Cir. 2015) (affirming *sua sponte* screening dismissal of pro se prisoner complaint, in part, because it appeared to be untimely and barred by the applicable statute of limitations on its face).

"The statute of limitations for federal civil rights claims under section[] … 1983 … is 'governed by the forum state's statute of limitations for personal injury actions.'" *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951–52 (9th Cir. 2022) (quoting *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (per curiam) (quotation marks and alterations omitted)); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004). California's applicable statute of limitations is two years. *See* Cal. Civ. Proc. Code § 335.1; *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir. 2019).

Federal courts also apply the forum state's law regarding tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538–39 (1989)); *Mills*, 921 F.3d at 1166. The burden is on Williams to plead the facts necessary to support equitable tolling. *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993). Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. *See* Cal. Civ. Proc. Code § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds*, 543 U.S. 499 (2005). Accordingly, most California prisoners must bring their § 1983 suits within four years of accrual—a period comprised of the two-year limitations period plus two additional years based on statutory tolling.

"Accrual is the date on which the statute of limitations begins to run[.]" *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543–44 (federal law governs when a § 1983 cause of action accrues). Here, it remains clear from the face of Williams's amended complaint that his claims accrued on

August 26, 2019—the day he alleges Defendants Alvarado, Erickson, and Rendon failed to promptly and appropriately respond to his medical complaints. (ECF No. 4 at 1–3.) *See Klein v. City of Beverly Hills*, 865 F.3d 1276, 1278 (9th Cir. 2017) ("Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (citations omitted); *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) ("When […] the inmate knows of the acts when they occurred and knows that he was injured, the claim accrues.").

Williams now contends he is entitled to statutory tolling, *see* ECF No. 4 at 9, but the Court has previously presumed he remained incarcerated for two years following the August 26, 2019 incident and was serving a term of less-than-life at the time. Therefore, the Court continues to credit him with two years of statutory tolling based on his incarceration—from August 26, 2019 through August 26, 2021—pursuant to Cal. Civ. Proc. Code § 352.1. (*See* ECF No. 3 at 6–7 (citing *Wallace*, 549 U.S. at 391; *Johnson*, 207 F.3d at 654).)

Williams is also correct to note he is entitled to tolling while he "complete[d] the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).[2] However, Williams's own exhibits show the administrative grievance procedures available to him at the time were completed, *at the latest*, by September 22, 2021—when the CDCR's Office of Appeals rejected his attempt at a Third Level Review, finding he had "exceeded time constraints." (*See* ECF No. 4 at 9; Ex. 1, ECF No. 4-1 at 2.)[3] Thus, while Williams's

---

[2] Williams is incorrect to conclude he "had 4 years from the time the administrative process ended," or until September 2025, to file suit, however. (*See* ECF No. 4 at 9.) The Ninth Circuit has made clear that "[t]he issue is not when the limitations period began, but when it ended." *Soto*, 882 F.3d at 871. "The exhaustion requirement justifies tolling the statute of limitations[;] … it does not justify creating a new accrual rule." *Id.*

[3] In fact, while the Court will assume Williams is entitled to tolling during the entire time he spent engaged in CDCR's administrative grievance process, "[t]here is no clear consensus among Ninth Circuit district courts as to whether a plaintiff is entitled to tolling for grievances that were rejected as untimely under prison regulations." *Garrett v. Finander*, No. 2:18-CV-10754-AB-KES, 2019 WL 7879659, at *11 (C.D. Cal. Dec. 5, 2019) (citing cases), *report and recommendation adopted*, No. 2:18-CV-10754-AB-KES,

5

time for filing this suit was tolled until September 22, 2021, pursuant to Cal. Civ. Proc. Code § 352.1 and *Brown*, the limitations period set by Cal. Civ. Proc. Code § 335.1 then began to run and expired approximately two years later, on or about September 22, 2023. Williams admits he was released from custody in June 2022, and yet he failed to file suit until August 22, 2024. (*See* ECF No. 1; ECF No. 4 at 7.)

If allegations on the face of a complaint "show that relief is barred by the applicable statute of limitations, [it] is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Thus, because Williams seeks to reassert only stale claims, and his amended complaint still fails to include facts sufficient to show he is entitled to further tolling, his suit remains untimely and is subject to *sua sponte* dismissal for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Watison*, 668 F.3d at 1112; *Williams*, 875 F.3d at 502.

### D. Leave to Amend

Because Williams has already been provided a short and plain explanation of the untimeliness of his claims, as well as an opportunity to amend in order to plead facts which might entitle him to tolling to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014)

---

2020 WL 606754 (C.D. Cal. Feb. 5, 2020), *aff'd*, 835 F. App'x 266 (9th Cir. 2021). Williams's exhibits show he first submitted a CDCR 602 Inmate/Parolee Appeal, Log No. RJD-A-19-05481, sometime before September 9, 2019, but was notified via a "Screening Notice" that that appeal was subject to cancellation as abusive of the appeals process pursuant to Cal. Code Regs., § 3084.4 because he filed another appeal, Log No. RJD-A-19-3862, within the prior 30 days. (*See* ECF No. 4-2 at 3.) Williams was advised to re-submit "only after a 30 calendar day period ha[d] expired from one submitted appeal to another." (*Id.*) Williams's exhibits suggest he re-submitted the appeal, because on October 11, 2019, he was advised Log No. RJD-A-19-05481 had been forwarded for "further review." (*Id.* at 2.) On March 20, 2020, Williams's appeal was denied on the merits via a Second Level Response because Correctional Officers Ericson, Alvarado, and Rendon were determined not to have violated CDCR policy. Williams was told that if he wished to "appeal the decision and/or exhaust administrative remedies," he was required to submit Log No. RJD-A-19-05481 to the Secretary's/Third Level of Review. (*Id.* at 4–5.) Williams's Third Level Appeal, however, was not postmarked until May 18, 2020; therefore, the CDCR Office of Appeals issued a rejection letter dated September 22, 2021 informing him that Log No. RJD-A-19-05481 had been rejected as untimely pursuant to Cal. Code Regs., tit. 15 § 3084.6(c)(4). (*See* ECF No. 4-1 at 2.)

("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## II.  CONCLUSION

Accordingly, the Court **DISMISSES** this civil action without further leave to amend as barred by the statute of limitations and for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  July 11, 2025

Hon. William Q. Hayes
United States District Court